# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS and ENERGY MARKETERS OF AMERICA,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, Administrator, United States Environmental Protection Agency,<br><br>Respondents. | Case No. 25-1083 |

## PETITION FOR REVIEW

Pursuant to Section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1), Federal Rule of Appellate Procedure 15(a), and D.C. Circuit Rule 15, American Fuel & Petrochemical Manufacturers ("AFPM") and Energy Marketers of America ("EMA") hereby petition this Court for review of a final action of the United States Environmental Protection Agency ("EPA"). *See California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low $NO_X$ Regulation; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 643 (Jan. 6, 2025) (attached as Exhibit A). This Court has jurisdiction and is the proper venue pursuant to 42 U.S.C. § 7607(b)(1).

Dated: March 7, 2025        Respectfully submitted,

　　 /s/ Carter G. Phillips　　　　

Carter G. Phillips
Daniel J. Feith
Kathleen M. Mueller
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
cphillips@sidley.com

*Counsel for Petitioners*

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS and ENERGY MARKETERS OF AMERICA,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, Administrator, United States Environmental Protection Agency,<br><br>Respondents. | Case No. 25-1083<br>_____ |

## RULE 26.1 STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Petitioners American Fuel & Petrochemical Manufacturers ("AFPM") and Energy Marketers of America ("EMA") hereby make the following disclosures:

**AFPM** is a national trade association that represents American refining and petrochemical companies. AFPM has no parent corporation, and no publicly held corporation has a 10% or greater ownership in AFPM.

**EMA** is a federation of 49 state and regional trade associations representing energy marketers throughout the United States. EMA,

which is incorporated under the laws of the Commonwealth of Virginia, has no parent corporation, and no publicly held corporation has a 10% or greater ownership in EMA.

Dated: March 7, 2025

Respectfully submitted,

　/s/ Carter G. Phillips　

Carter G. Phillips
Daniel J. Feith
Kathleen M. Mueller
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
cphillips@sidley.com

*Counsel for Petitioners*

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS and ENERGY MARKETERS OF AMERICA,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, Administrator, United States Environmental Protection Agency,<br><br>Respondents. | Case No. 25-1083<br><br>_____ |

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Appellate Procedure 3(d), 15(c), and 25, D.C. Circuit Rules 15(a) and 25, and 40 C.F.R. § 23.12(a), I hereby certify that the foregoing Petition for Review and Rule 26.1 Statement have been served by United States certified mail, return receipt requested, this 7th day of March, 2025, upon each of the following:

Hon. Lee Zeldin, Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460


U.S. Environmental Protection Agency
Correspondence Control Unit

Office of General Counsel (2311)
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Hon. Pam Bondi
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Hon. Adam Gustafson
Acting Assistant Attorney General
Environmental and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

| | |
|---|---|
| Dated: March 7, 2025 |   /s/ Carter G. Phillips<br>Carter G. Phillips<br><br>*Counsel for Petitioners* |





vehicles under the existing fleet-average standard and aim to reduce cold-start emissions by applying the emissions standards to a broader range of in-use driving conditions. The ZEV requirements of ACC II include, for example, a requirement for vehicle manufacturers to sell increasing percentages of ZEVs beginning with the 2026 MY. Manufacturers can meet up to 20 percent of their sales requirements using plug-in hybrid vehicles (PHEVs) that meet specified requirements. A comprehensive description of California's ACC II program can be found in the Decision Document for this waiver and in materials submitted to the Docket by CARB.

Section 209(b) of the Act provides that the Administrator, after notice and opportunity for public hearing, shall waive Federal preemption for California to enforce new motor vehicle emission standards and accompanying enforcement procedures unless certain criteria are met. The criteria for denying such a waiver include consideration of whether California arbitrarily and capriciously determined that its standards are, in the aggregate, at least as protective of public health and welfare as the applicable Federal standards; whether California does not need such State standards to meet compelling and extraordinary conditions; and whether such State standards and accompanying enforcement procedures are not consistent with section 202(a) of the Act.

CARB determined that these standards and accompanying enforcement procedures do not cause California's standards, in the aggregate, to be less protective to public health and welfare than the applicable Federal standards. The administrative record, including information presented to me by parties opposing California's waiver, did not demonstrate that California arbitrarily or capriciously reached this protectiveness determination. Therefore, based on the record, I cannot find California's determination to be arbitrary and capricious under section 209(b)(1)(A).

CARB has demonstrated the existence of compelling and extraordinary conditions justifying the need for such State standards. The administrative record, including information presented to me by parties opposing California's waiver request, did not demonstrate that California does not need such State standards to meet compelling and extraordinary conditions. Thus, based on the record, I cannot deny the waiver based on section 209(b)(1)(B).

CARB has submitted information that its emission standards and test procedures are technologically feasible, present no inconsistency with Federal requirements, and are consistent with section 202(a) of the Act. The administrative record, including information presented to me by parties opposing California's waiver request, did not satisfy the burden of persuading EPA that the standards are not consistent with section 202(a). Thus, based on the record, I cannot deny the waiver based on section 209(b)(1)(C).

Accordingly, I hereby granted the waiver requested by California.

Section 307(b)(1) of the CAA governs judicial review of final actions by the EPA. Petitions for review must be filed by March 7, 2025.

As with past waiver decisions, this action is not a rule as defined by Executive Order 12866. Therefore, it is exempt from review by the Office of Management and Budget as required for rules and regulations by Executive Order 12866.

In addition, this action is not a rule as defined in the Regulatory Flexibility Act, 5 U.S.C. 601(2). Therefore, EPA has not prepared a supporting regulatory flexibility analysis addressing the impact of this action on small business entities.

The Congressional Review Act, 5 U.S.C. 801 *et seq.,* as added by the Small Business Regulatory Enforcement Fairness Act of 1996, does not apply because this action is not a rule, for purposes of 5 U.S.C. 804(3).

**Michael S. Regan,**
*Administrator.*
[FR Doc. 2024–31128 Filed 1–3–25; 8:45 am]
**BILLING CODE 6560–50–P**

---

## ENVIRONMENTAL PROTECTION AGENCY

**[EPA–HQ–OAR–2022–0332; FRL–9902–02–OAR]**

### California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NO$_X$ Regulation; Waiver of Preemption; Notice of Decision

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notice of decision.

**SUMMARY:** The Environmental Protection Agency ("EPA") is providing notice of its decision to grant the California Air Resources Board's ("CARB") request for a waiver of Clean Air Act (CAA) preemption for its Heavy-Duty Vehicle and Engine "Omnibus" Low NO$_X$ Regulations ("Omnibus Low NO$_X$ program"). EPA's decision also includes an authorization for portions of the Omnibus Low NO$_X$ program that pertain to off-road diesel engines. This decision was issued under the authority of the Clean Air Act ("CAA" or "Act") section 209.

**DATES:** Petitions for review must be filed by March 7, 2025.

**ADDRESSES:** EPA has established a docket for this action under Docket ID EPA–HQ–OAR–2022–0332. All documents relied upon in making this decision, including those submitted to EPA by CARB, are contained in the public docket. Publicly available docket materials are available either electronically through *www.regulations.gov* or in hard copy at the EPA Docket Center, WJC West Building, Room 3334, 1301 Constitution Avenue NW, Washington, DC 20004. The Docket Center's hours of operation are 8:30 a.m. to 4:30 p.m.; generally, it is open Monday through Friday, except Federal holidays. The electronic mail (email) address for the EPA Docket is: *a-and-r-Docket@epa.gov.* An electronic version of the public docket is available through the Federal government's electronic public docket and comment system. You may access EPA dockets at *http://www.regulations.gov.* After opening the *www.regulations.gov* website, enter EPA–HQ–OAR–2022–0332 in the "Enter Keyword or ID" fill-in box to view documents in the record. Although a part of the official docket, the public docket does not include Confidential Business Information ("CBI") or other information whose disclosure is restricted by statute.

EPA's Office of Transportation and Air Quality ("OTAQ") maintains a web page that contains general information on its review of California waiver and authorization requests. Included on that page are links to prior waiver **Federal Register** notices, some of which are cited in this notice; the page can be accessed at: *https://www.epa.gov/state-and-local-transportation/vehicle-emissions-california-waivers-and-authorizations.*

**FOR FURTHER INFORMATION CONTACT:** Brian Nelson, Office of Transportation and Air Quality, U.S. Environmental Protection Agency, 2000 Traverwood Drive, Ann Arbor, Michigan 48105. Telephone: 734–214–4278. Email: *California-Waivers-and-Authorizations@epa.gov.*

**SUPPLEMENTARY INFORMATION:** On June 13, 2022, EPA published a **Federal Register** notice announcing its receipt of California's waiver request. In that notice, EPA invited public comment on

California's waiver request and an opportunity to present testimony at a public hearing.[1] EPA held a public hearing on June 29 and June 30, 2022; EPA has considered all comments submitted, including those submitted after the close of the comment period.[2]

On December 17, 2024, I signed a Decision Document granting California a waiver of preemption pursuant to section 209(b) of the CAA, as amended, 42 U.S.C. 7543(b), for regulations applicable to new 2024 and subsequent model year (MY) California on-road heavy-duty vehicles and engines, hereafter the Omnibus Low NO$_X$ regulations.[3] The Omnibus Low NO$_X$ program includes requirements for revised heavy-duty emission standards, test procedures, regulatory useful life, and emissions warranty. As part of my decision, I have also decided to grant an authorization pursuant to section 209(e) of the CAA, as amended, 42 U.S.C. 7543(e) for portions of the Omnibus Low NO$_X$ program regarding off-road diesel engines. The Omnibus Low NO$_X$ program includes new PM emission standards for off-road diesel-fueled auxiliary power units. A comprehensive description of California's Omnibus Low NO$_X$ program can be found in the Decision Document for this waiver and in materials submitted to the Docket by the California Air Resources Board (CARB).[4]

For the portions of the Omnibus Low NO$_X$ program that pertain to on-road emission standards, section 209(b) of the Act provides that the Administrator, after notice and opportunity for public hearing, shall waive Federal preemption for California to enforce new motor vehicle emission standards and accompanying enforcement procedures unless certain criteria are met. The criteria of denying such a waiver include consideration of whether California arbitrarily and capriciously determined that its standards are, in the aggregate, at least as protective of public health and welfare as the applicable Federal standards; whether California does not need such State standards to meet compelling and extraordinary conditions; and whether such State standards and accompanying enforcement procedures are not consistent with section 202(a) of the Act.

For the portions of the Omnibus Low NO$_X$ program that pertain to nonroad emission standards, section 209(e)(1) of the Act permanently preempts any state, or political subdivision thereof, from adopting or attempting to enforce any standard or other requirement relating to the control of emissions for certain new nonroad engines or vehicles.[5] For all other nonroad engines (including "non-new" engines), states generally are preempted from adopting and enforcing standards and other requirements relating to the control of emissions, except that section 209(e)(2)(A) of the Act requires EPA, after notice and opportunity for public hearing, to authorize California to adopt and enforce such regulations unless EPA makes one of three enumerated findings. Specifically, EPA must deny authorization if the Administrator finds that (1) California's protectiveness determination (*i.e.,* that California standards will be, in the aggregate, as protective of public health and welfare as applicable federal standards) is arbitrary and capricious, (2) California does not need such standards to meet compelling and extraordinary conditions, or (3) the California standards and accompanying enforcement procedures are not consistent with section 209 of the Act.

On July 20, 1994, EPA promulgated a rule interpreting the three criteria set forth in section 209(e)(2)(A) that EPA must consider before granting any California authorization request for nonroad engine or vehicle emission standards.[6] EPA revised these regulations in 1997.[7] As stated in the preamble to the 1994 rule, EPA has interpreted the consistency inquiry under the third criterion, outlined above and set forth in section 209(e)(2)(A)(iii), to require, at minimum, that California standards and enforcement procedures be consistent with section 209(a), section 209(e)(1), and section 209(b)(1)(C) of the Act.[8] In order to be consistent with section 209(a), California's nonroad standards and enforcement procedures must not apply to new motor vehicles or new motor vehicle engines. To be consistent with section 209(e)(1), California's nonroad standards and enforcement procedures must not attempt to regulate engine categories that are permanently preempted from state regulation. To determine consistency with section 209(b)(1)(C), EPA typically reviews nonroad authorization requests under the same "consistency" criteria that are applied to motor vehicle waiver requests under section 209(b)(1)(C). That provision provides that the Administrator shall not grant California a motor vehicle waiver if the Administrator finds that California "standards and accompanying enforcement procedures are not consistent with section 202(a)" of the Act.

CARB determined that these standards and accompanying enforcement procedures do not cause California's standards, in the aggregate, to be less protective to public health and welfare than the applicable Federal standards. The administrative record, including information presented to me by parties opposing California's waiver, did not demonstrate that California arbitrarily or capriciously reached this protectiveness determination. Therefore, based on the record, I cannot find California's determination to be arbitrary and capricious under section 209(b)(1)(A) or section 209(e)(2)(A)(i).

CARB has demonstrated the existence of compelling and extraordinary conditions justifying the need for its own motor vehicle emission control

---

[1] 87 FR 35765 (June 13, 2022).

[2] A transcript for each day of the hearing (June 29th and 30th, 2022) can be found in the docket: June 29th Hearing Transcript, Docket No. EPA–HQ–OAR–2022–0332–0035; June 30th Hearing Transcript, Docket No. EPA–HQ–OAR–2022–0332–0036. All written comments are also located at *regulations.gov* at EPA–HQ–OAR–2022–0332.

[3] EPA's Decision Document is located at EPA–HQ–OAR–2022–0332. EPA's waiver decision includes the Omnibus Low NO$_X$ Regulation which was adopted by the California Air Resources Board on August 27, 2020 by Resolution 20–23, and includes amendments approved by the CARB Executive Officer on September 9, 2021 under CARB Order No. R–21–007. The Omnibus Low NO$_X$ Regulation is comprised of new title 13, California Code of Regulations (Cal. Code Regs.) sections 2139.5, and 2169.1 through 2169.8; amendments to title 13, Cal. Code Regs., sections 1900, 1956.8, 1961.2, 1965, 1968.2, 1971.1, 1971.5, 2035, 2036, 2111, 2112, 2113, 2114, 2115, 2116, 2117, 2118, 2119, 2121, 2123, 2125, 2126, 2127, 2128, 2129, 2130, 2131, 2133, 2137, 2139, 2140, 2141, 2142, 2143, 2144, 2145, 2146, 2147, 2148, 2149, 2166, 2166.1, 2167, 2168, 2169, 2170, 2423, and 2485; and amendments to title 17 Cal. Code Regs. sections 95662 and 95663. EPA's waiver decision also includes the 2023 Targeted Amendments to Omnibus which were adopted on December 28, 2023 by CARB Executive Order No. R–23–006. The 2023 Targeted Amendments are comprised of title 13, California Code of Regulations (Cal. Code Regs.) sections 1956.8, 1971.1, and 1971.5.

[4] The Decision Document can be found at EPA–HQ–OAR–2022–0332.

[5] States are expressly preempted from adopting or attempting to enforce any standard or other requirement relating to the control of emissions from new nonroad engines which are used in construction equipment or vehicles or used in farm equipment or vehicles and which are smaller than 175 horsepower. Such express preemption under section 209(e)(1) of the Act also applies to new locomotives or new engines used in locomotives.

[6] See "Air Pollution Control; Preemption of State Regulation for Nonroad Engine and Vehicle Standards," 59 FR 36969 (July 20, 1994).

[7] See "Control of Air Pollution: Emission Standards for New Nonroad Compression-Ignition Engines at or Above 37 Kilowatts; Preemption of State Regulation for Nonroad Engine and Vehicle Standards; Amendments to Rules," 62 FR 67733 (December 30, 1997). The applicable regulations are now found in 40 CFR part 1074, subpart B, Part 1074.

[8] EPA has interpreted section 209(b)(1)(C) in the context of section 209(b) motor vehicle waivers.

program as well and justifying the need for its own nonroad vehicle emission control program, which includes the subject standards and procedures. Although EPA believes it unnecessary, CARB has also demonstrated the need for the Omnibus Low NO$_X$ standards within the Omnibus regulations. The administrative record, including information presented to me by parties opposing California's waiver (and authorization) request, did not demonstrate that California no longer has compelling and extraordinary conditions justifying a need for its own motor vehicle emission control program and its own nonroad vehicle emission control program, or alternatively, a need for the Omnibus Low NO$_X$ standards. Therefore, based on the record, I agree that California continues to have compelling and extraordinary conditions which require its own programs, or alternatively, a need for the Omnibus Low NO$_X$ standards. Information presented to me by parties opposing the waiver did not demonstrate otherwise. Thus, I cannot deny the waiver based on section 209(b)(1)(B) or section 209(e)(2)(A)(ii).

CARB has submitted information that its emission standards and test procedures are technologically feasible and present no inconsistency with Federal requirements and are, therefore, consistent with section 202(a) of the Act and are consistent with section 209 as required by section 209(e)(2)(A)(iii). The administrative record, including information presented to me by parties opposing California's waiver and authorization requests, did not satisfy the burden of persuading EPA that the standards are not technologically feasible within the available lead time, considering costs, or are otherwise inconsistent with section 202(a) (for onroad) or section 209 (for nonroad). Thus, based on the record, I cannot deny the waiver based on section 209(b)(1)(C) or section 209(e)(2)(A)(iii).

Accordingly, I hereby granted the waiver and authorization requested by California.

Section 307(b)(1) of the CAA govern judicial review of final actions by EPA. Petitions for review must be filed by March 7, 2025.

As with past waiver and authorization decisions, this action is not a rule as defined by Executive Order 12866. Therefore, it is exempt from review by the Office of Management and Budget as required for rules and regulations by Executive Order 12866.

In addition, this action is not a rule as defined in the Regulatory Flexibility Act, 5 U.S.C. 601(2). Therefore, EPA has not prepared a supporting regulatory flexibility analysis addressing the impact of this action on small business entities.

The Congressional Review Act, 5 U.S.C. 801 *et seq.*, as added by the Small Business Regulatory Enforcement Fairness Act of 1996, does not apply because this action is not a rule, for purposes of 5 U.S.C. 804(3).

**Michael S. Regan,**
*Administrator.*
[FR Doc. 2024–31125 Filed 1–3–25; 8:45 am]
**BILLING CODE 6560–50–P**

**ENVIRONMENTAL PROTECTION AGENCY**

**[EPA–HQ–OPPT–2018–0320; FRL–11655–02–OCSPP]**

**Toxic Substances Control Act (TSCA) Review of CBI Claims for the Identity of Chemicals in the TSCA Inventory; Extension of Review Period**

**AGENCY:** Environmental Protection Agency (EPA).
**ACTION:** Notice.

**SUMMARY:** The Environmental Protection Agency (EPA or Agency) is announcing the extension of the review period for Confidential Business Information (CBI) claims for specific identities of all active chemical substances listed on the confidential portion of the Toxic Substances Control Act (TSCA) Inventory submitted to the EPA under TSCA. EPA has determined that a further extension of the statutory review period for the review of CBI claims under TSCA is necessary to allow the Agency to complete the required reviews under TSCA.

**DATES:** The review period is extended to February 19, 2026.

**ADDRESSES:** The docket for this action, identified by docket identification (ID) number EPA–HQ–OPPT–2018–0320, is available online at *https://www.regulations.gov*. Additional instructions for visiting the docket, along with more information about dockets generally, is available at *https://www.epa.gov/dockets*.

**FOR FURTHER INFORMATION CONTACT:**
*For technical information:* Jessica Barkas, Project Management and Operations Division (7401), Office of Pollution Prevention and Toxics, Environmental Protection Agency, 1200 Pennsylvania Ave. NW, Washington, DC 20460–0001; telephone number: (202) 250–8880; email address: *barkas.jessica@epa.gov*.

*For general information:* The TSCA-Hotline, ABVI-Goodwill, 422 South Clinton Ave., Rochester, NY 14620; telephone number: (202) 554–1404; email address: *TSCA-Hotline@epa.gov*.

**SUPPLEMENTARY INFORMATION:**

## I. Does this action apply to me?

You may be affected by this action if you submitted a Notice of Activity Form A to EPA under TSCA section 8(b)(4) and 40 CFR part 710, subpart B and asserted any CBI claims concerning the specific identities of the chemical substances you reported. Persons who seek information on such submissions may also be affected by this action. The following list of North American Industrial Classification System (NAICS) codes is not intended to be exhaustive, but rather provides a guide to help readers determine whether this document applies to them. Potentially affected entities may include:

• Manufacturers, importers, or processors of chemical substances (NAICS codes 325 and 324110), *e.g.,* chemical manufacturing and petroleum refineries.

If you have any questions regarding the applicability of this action to a particular entity, consult the technical contact person listed under **FOR FURTHER INFORMATION CONTACT**.

## II. What is the Agency's authority for taking this action?

TSCA authorizes the extension of the Review Plan deadline in TSCA section 8(b)(4)(E)(ii)(I), 15 U.S.C. 2607(b)(4)(E)(ii)(I).

## III. What action is the Agency taking?

EPA is announcing to the public that it is further extending an Agency review deadline pursuant to the authority in TSCA section 8(b)(4)(E)(ii)(I), 15 U.S.C. 2607(b)(4)(E)(ii)(I). The additional time is necessary to complete the reviews given the volume of submissions that require review, information technology issues, insufficient resources and other legal and administrative delays that have affected the review process. EPA previously extended the review period by one year, to February 19, 2025 (89 FR 4605, January 24, 2024 (FRL–11655–01–OCSPP)). As discussed in that document, EPA has evaluated its progress toward completing the requirements for the Agency to review CBI substantiations outlined in the final rule titled ''Procedures for Review of CBI Claims for the Identity of Chemicals in the TSCA Inventory'' (Review Plan rule), (85 FR 13062, March 6, 2020 (FRL–10005–48)) and has concluded that a further one year extension will be necessary to complete the Review Plan reviews.