ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| AMERICAN FUEL & PETROLEUM MANUFACTURERS, et al., <br><br>  Petitioners, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br>  Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 25-1083 |

MOTION TO HOLD CASE IN ABEYANCE

Respondents Environmental Protection Agency, et al., ("EPA") move to hold this matter in abeyance until June 16, 2025, to allow new Agency leadership to review the underlying action. Petitioners do not oppose. State Respondent-Intervenors and Public Interest Organization Respondent-Intervenors do not oppose.

1.  This petition for review challenges EPA's action, *California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NOx Regulation; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 643 (Jan. 6, 2025).

2. As the Court is aware, a new administration took office on January 20, 2025.

3. EPA needs time to brief new administration officials about this case and the underlying action. To undertake that process in an orderly and deliberate fashion, EPA requests that the court abate proceedings.

4. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013).

5. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[1] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

7. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay

---

[1] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

3

[their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

8. Furthermore, the same agency action at issue here is also the subject of a petition for review filed in the Ninth Circuit, which is stayed until June 16, 2025. *American Free Enterprise Chamber of Commerce v. EPA*, No. 25-89 (9th Cir.). Proceeding with this petition while the Ninth Circuit matter is stayed pending EPA's review could lead to conflicting results.

9. No party would be prejudiced by the requested abeyance. Petitioner, State Respondent-Intervenors, and Public Interest Organization Respondent-Intervenors do not oppose the relief sought.

10. For these reasons, the Court should place this matter in abeyance until June 16, 2025, with motions to govern due at the end of that period.

April 9, 2025                     Respectfully submitted,

        ADAM R.F. GUSTAFSON
         *Acting Assistant Attorney General*

        */s/ Daniel R. Dertke*
        DANIEL R. DERTKE
        United States Department of Justice
        P.O. Box 7611
        Washington D.C. 20044
        Tel: (202) 514-0994
        daniel.dertke@usdoj.gov

        *Counsel for Respondent*

<u>CERTIFICATE OF COMPLIANCE</u>

 Pursuant to Rule 27(d) and 32(g)(1) of the Federal Rules of Appellate Procedure and Circuit Rule 27(a)(2), I hereby certify that the foregoing Motion To Hold Case In Abeyance contains 692 words, as counted by a word processing system that includes headings, footnotes, quotations, and citations in the count, and therefore is within the word limit set by the Court.

 This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

          */s/ Daniel R. Dertke*

CERTIFICATE OF SERVICE

    I hereby certify that on April 9, 2025, I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

    */s/ Daniel R. Dertke*