ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| AMERICAN FUEL & PETROLEUM MANUFACTURERS, et al.,<br><br>      Petitioners,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>      Respondents. | No. 25-1083 |

MOTION TO GOVERN

Respondents Environmental Protection Agency, et al., ("EPA") move to keep these consolidated cases in abeyance pending the Ninth Circuit's decision on a motion to dismiss cases challenging the same waiver at dispute here. Petitioners do not oppose. State and Local Movant-Intervenors and Public Interest Organization Movant-Intervenors reserve their right to respond until they see this motion.

1. This petition for review challenges EPA's action, *California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NOx Regulation; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 643 (Jan. 6, 2025).

2. These cases have been in abeyance since April. *See* Order, Doc. 2110713.

3. The challenged waiver is also the subject of consolidated petitions for review in the Ninth Circuit. *See Am. Free Enter. Chamber of Commerce*, Case No. 25-89 and consolidated cases (9th Cir.) (*AmFree*).

4. In May 2025, Congress passed a bipartisan joint resolution under the Congressional Review Act disapproving the challenged waiver. *See* 5 U.S.C. § 802; H.R.J. Res. 89, 119th Cong. (2025). The President signed the resolution into law in June. Pub. L. No. 119-17, 139 Stat. 67 (2025) (stating that the waiver "shall have no force or effect"); *see also* EPA's Unopposed Mot. to Govern (July 31, 2025).[1]

5. The challenged waiver, in short, has been invalidated by statute. On that basis, earlier this month EPA moved to dismiss the Ninth Circuit petitions challenging the waiver. *See* EPA's Mot. to Dismiss, *AmFree* (9th Cir. Aug. 13, 2025); *see also* Order, *AmFree* (9th Cir. July 15, 2025) (staying judicial proceedings until August 13, 2025). The petitioners in those cases—some of whom are also Petitioners here—filed their own responses to EPA's motion. California and other movant-intervenors also intend to respond. *See* Movant-Intervenors States' Mot. for an Extension of Time to File Resp. to Mot. to Dismiss,

---

[1] California and other movant-intervenors have challenged the statute's validity in federal district court. *Calif. v. United States*, Case No. 25-4966 (N.D. Cal.).

2

*AmFree* (9th Cir. Aug. 18, 2025); *see also* Order, *AmFree* (9th Cir. Aug. 26, 2025) (granting extension to September 8, 2025).

      6.      Given the Ninth Circuit litigation and to preserve the limited resources of the Court and the parties, EPA requests that these consolidated cases be left in abeyance pending the Ninth Circuit's decision on EPA's motion to dismiss, with motions to govern due 30 days after that decision.

September 5, 2025                      Respectfully submitted,

                                        ADAM R.F. GUSTAFSON
                                          *Acting Assistant Attorney General*

                                        */s/  Daniel R. Dertke*
                                        DANIEL R. DERTKE
                                        United States Department of Justice
                                        P.O. Box 7611
                                        Washington D.C.  20044
                                        Tel:  (202) 514-0994
                                        daniel.dertke@usdoj.gov

                                        *Counsel for Respondent*

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 27(d) and 32(g)(1) of the Federal Rules of Appellate Procedure and Circuit Rule 27(a)(2), I hereby certify that the foregoing Motion To Govern contains 396 words, as counted by a word processing system that includes headings, footnotes, quotations, and citations in the count, and therefore is within the word limit set by the Court.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

<u>/s/  Daniel R. Dertke</u>

CERTIFICATE OF SERVICE

      I hereby certify that on September 5, 2025, I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

      */s/ Daniel R. Dertke*